UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DANIEL MARTIG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:16-cv-02347-TWP-MPB |
| | ) | |
| SPEEDWAY LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On September 1, 2016, a Notice of Removal was filed in this matter, removing the case from the Hancock Superior Court. The Clerk's office notified Plaintiff's counsel, John P. Seib, that he was not admitted to the Southern District of Indiana and sent him an email on September 2, 2016 advising him of the Court's requirement regarding bar admission and that he would not receive notifications from the Court through the electronic filing system until he was properly admitted. On October 4, 2016, Mr. Seib was again advised through email that he was required to be admitted to the Southern District of Indiana and register for an Electronic Case Filing (ECF) account.

An Order to Show Cause (Docket No. 7) was entered on October 31, 2016 directing Mr. Seib to comply with Local Rule 83-7 which requires attorneys of record in a case removed or transferred to this Court to comply with the Court's bar admission policy or file a notice of withdrawal of appearance within twenty (20) days of the removal or transfer. The Order also ordered Mr. Seib to comply with the requirement of Local Rule 5-3 to register for an ECF login and password. Mr. Seib was given through and including November 15, 2016 to comply with the Local Rules of this Court (Docket No. 7). He failed to do so.

On November 22, 2016, the Court held a telephonic initial pre-trial conference. Prior to that date, Defendant's counsel filed a proposed Case Management Plan (Docket No. 9) in which he noted that while he had attempted to contact Plaintiff's counsel regarding the Case Management Plan, he had not ever heard back from him. Further, Mr. Seib failed to appear for the scheduled initial pre-trial conference. The Court then entered a second Order to Show Cause (Docket No. 11) regarding counsel's failure to appear for the telephonic conference and gave him fifteen (15) days to show good cause for his failure to appear. Mr. Seib again did not comply with the Court's order.

Federal Rule of Civil Procedure 41(b) provides that a court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order…" Fed. R. Civ. P. 41(b). In addition, the Court has the inherent power to sanction conduct that abuses the judicial process, and such power is governed "not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Barnhill v. U.S.,* 11 F.3d. 1360, 1367 (7th Cir. 1993). "Pursuant to this power, a court may impose the severe sanction of dismissal with prejudice… if the circumstances so warrant." *Id.*

For the reasons stated above, the Magistrate Judge, *sua sponte*, recommends that this matter be **DISMISSED WITHOUT PREJUDICE**. Any objections to this report and recommendation must be filed in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). Failure to file objections within fourteen (14) days after service will constitute a waiver of

subsequent review absent a showing of good cause for such failure.

**IT IS SO RECOMMENDED.**

Dated: December 9, 2016

_____
Matthew P. Brookman
United States Magistrate Judge
Southern District of Indiana

**Distribution:**

**JOHN P. SEIB**
**10566 Greenway Drive**
**Fishers, IN 46037**

**Served electronically on all ECF-registered counsel of record.**